UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VARUN DATTA,

     Petitioner,

    v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, et al.,

    Respondents.[1]

No. 1:26-cv-00032-TLN-CKD

**ORDER**

This matter is before the Court on an Order to Show Cause why a preliminary injunction should not issue. (ECF No. 11.) Respondents waived a hearing. (ECF No. 13 at 3.) For the reasons set forth below, the Court issues a preliminary injunction.

---

[1]    Respondents ask the Court, via footnote, to strike and dismiss all officials other than the custodial official. (ECF No. 13 at 1 n.1.) The request, as made, is improper. If Respondents seek to dismiss other respondents from this action, they must do so in a properly noticed motion. *See Ortega v. Kaiser*, No. 25-CV-05259-JST, 2025 WL 2243616, at *4 (N.D. Cal. Aug. 6, 2025) ("[A] request for court order must be made by motion. As a result, a request for affirmative relief is not proper when raised for the first time in an opposition.").

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a citizen of India and an asylum applicant in the United States.  (ECF No. 1 at 2; ECF No. 13 at 2.)  On April 7, 2022, Petitioner entered the United States and was detained by immigration authorities.  (ECF No. 13 at 2.)  On April 21, 2022, Petitioner was released on bond.  (*Id.*)  Nearly three years later, on December 9, 2025, Petitioner was re-detained by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1 at 2.)  During his detention, Petitioner was not afforded a bond hearing or opportunity to be heard.  (*Id.*)

On January 5, 2026, Petitioner filed a pro se Petition for Writ of Habeas Corpus challenging the lawfulness of his civil detention and seeking immediate release.  (ECF No. 1.)  The petition contained a request for immediate injunctive relief, which this Court construed as a motion for a temporary restraining order ("TRO").  (ECF No. 5 at 1 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).)  On January 6, 2026, the Court ordered Respondents to file any opposition to the motion for TRO by January 12, 2026.  (*Id.*)  Respondents timely filed a one-page opposition which argued only that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (ECF No. 8.)  After Petitioner replied, on January 20, 2026, the Court found Petitioner had met his burden and issued a TRO ordering Petitioner's release and returning him to status quo ante litem.  (ECF No. 11.)

Further, the Court ordered Respondents to show cause why a preliminary injunction should not issue.  (*Id.*)  On January 27, 2026, Respondents filed an opposition.  (ECF No. 13.)  Respondents now provide new information that Petitioner was transferred to ICE custody from Fresno County Jail on December 9, 2025, after serving sentences for misdemeanor criminal convictions.  (ECF No. 13 at 2.)  Petitioner did not file a reply.  The Court now considers whether a preliminary injunction should issue.

## II.    STANDARD OF LAW

For a preliminary injunction, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner

2

must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction. *Id.* at 1134–35.

### III.    ANALYSIS

This Court has already found that Petitioner established a likelihood of success on each of the *Winter* elements sufficient to warrant relief as set forth in the TRO.[2] (ECF No. 11.) Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction (*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)), the Court incorporates its reasoning from the TRO and need not duplicate its analysis here.

In opposition to the Order to Show Cause, Respondents do not offer any new arguments to warrant a reconsideration of this Court's prior Order. First, Respondents argue, once again, that Petitioner is subject to mandatory detention, under 8 U.S.C. § 1225(b)(2), per the U.S. Department of Homeland Security's ("DHS") new legal position. (ECF No. 8 at 1–2; ECF No. 13 at 1.) The Court has repeatedly rejected Respondents' argument as to DHS's new statutory interpretation of the INA and has already found that Petitioner is subject to 8 U.S.C. § 1226(a). (ECF No. 11 at 3.) *See, e.g.*, *Karanjit K. v. Albarran, et al.*, No. 1:26-CV-00467-TLN-EFB, 2026 WL 171928, at *2 (E.D. Cal. Jan. 22, 2026). Respondents provide no facts, argument, or

---

[2] Petitioner includes a claim that third-country removal violates the Fifth and Eighth Amendments. (ECF No. 1 at 15.) In the TRO, the Court asked the parties to identify whether this claim is ripe given that Petitioner is not currently subject to a final order of removal and, if so, to clarify their arguments. (ECF No. 11 at 3 n.2.) Respondents assert the claim is not yet ripe (ECF No. 13 at 3) and Petitioner did not respond. Accordingly, the Court declines to address this claim at this stage.

3

case law to warrant reconsideration of this Court's finding.  (*See generally* ECF No. 13.)  Thus, Respondents' re-asserted argument as to § 1225(b)(2) does not defeat Petitioner's liberty interest or negate Petitioner's showing as to likelihood of success.

Second, Respondents conclude — without argument or contention with this Court's prior findings — that Petitioner has not met his burden to warrant the issuance of a preliminary injunction.  (ECF No. 13 at 3.)  Respondents fail to provide the Court with any substantive reason to reconsider its finding that Petitioner made the requisite showing on each of the *Winter* elements.

Finally, Respondents report new facts about Petitioner, including misdemeanor criminal convictions, which were not presented to this Court on the motion for temporary restraining order.  (*Id.* at 2.)  This information appears to have been readily available to Respondents (via Petitioner's Form I-213 since at least June 6, 2025) and, although Respondents had ample time to review Petitioner's file, they did not provide this information to the Court on the motion for TRO.  (*See* ECF No. 8.)  Respondents now appear to simply copy this information into their brief without any explanation.  They make no argument as to why this new information should alter the Court's analysis or findings.  (*See generally* ECF No. 13.)  To the extent Respondents wish to detain Petitioner out of a concern for public safety, they must provide due process.  Respondents can present such an argument to an immigration judge to make an individualized custody determination.  Indeed, there is nothing in this Court's Temporary Restraining Order, nor this Order, that prohibits Respondents from following proper process to re-detain Petitioner.  This case highlights that the administration of due process protects not only individual rights, but the government's interests, and public safety.  The Court exhorts Respondents to curb their conduct accordingly.

/////

/////

/////

/////

/////

4

**IV.    CONCLUSION**

Accordingly, the Court issues a PRELIMINARY INJUNCTION as set forth below.  IT IS HEREBY ORDERED:

1.    Respondents are ENJOINED AND RESTRAINED from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.

2.    Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.    This matter is referred to the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: February 4, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE